W. R. FLEMING *v.* J. C. MARTIN.

**Partnership—Dissolution—Notice to Creditors.**

Constructive notice by publication of the dissolution of a partnership in a local newspaper, is sufficient to all who had not dealt with a firm, but actual notice is necessary to creditors.

**Same—Instruction.**

An instruction to the effect that such actual notice, derived from any source was sufficient, held nto erroneous. But an instruction that required such notice to be given by the debtors in person, was erroneous.

APPEAL FROM DAVIESS CIRCUIT COURT.

June 1, 1870.

OPINION OF THE COURT BY JUDGE ROBERTSON:

W. R. Fleming and J. M. Taylor, who were partners in a hotel in Owensboro, Ky., owned by the former and kept by the latter, dissolved their partnership on the 1st of January, 1867. Taylor still continued to keep the hotel on his own account. Martin, who had previously sold supplies to the firm, continued, at Taylor's instance, to furnish them to the house, charging, as hitherto, the account to the partnership, as if still subsisting. Fleming, denying his liability, refused to pay, and this action was subsequently brought against him and Taylor to enforce payment. Taylor let judgment go against himself by default; but Fleming pleaded the dissolution and actual notice of it to Martin when and before the account originated. On that issue the jury found a verdict against Fleming for the amount of the account, and the court, overruling a motion for a new trial, rendered judgment for the amount so found.

While the constructive notice by publication of the dissolution in the local newspaper was sufficient for all who had not dealt with the firm, actual notice was necessary to Martin. And the evidence preponderates in favor of the conclusion that Martin or his vending agents had such notice before the goods were sold. But, confusion in the instructions given to the jury may have

mislead them as to the law of the case. One of the instructions indicated quite clearly that the notice should have been given by Fleming himself. But another told the jury truly that actual notice derived from any source was sufficient. The latter, however, did not purport to be a correction or explanation of the first. The jury, therefore, had no clue for determining, in that apparent conflict, which instruction embodied the true principle. They may, therefore, have been bewildered, and the verdict may authorize the presumption that they were mislead.

On this ground, strengthened by the preponderance against the verdict, on the law if rightly understood by the jury, the circuit court ought to have granted a new trial.

Wherefore, the judgment is reversed, and the case remanded for a new trial.

*McHenry, Craddock & Trabue, Owen, Sweeney & S.* for appellant.

*Bush,* for appellee.